Theodore **LEVY, Plaintiff,**

v.

Laurie W. **TOMLINSON, District Director of Internal Revenue, District of Florida, Defendant.**
**UNITED STATES of America, Intervenor.**
No. 64–722–Civ.

United States District Court
S. D. Florida.
Nov. 29, 1965.

**660**

DYER, Chief Judge.

This case came on for trial before the Court sitting without a jury on November 18, 1965. At the close of the plaintiff's case in chief the defendant moved for dismissal of the complaint and the intervenor moved for judgment in its favor on its complaint in intervention. The Court granted both motions and, pursuant to Rule 52 of the Federal Rules of Civil Procedure, makes the following findings of fact and conclusions of law with respect thereto:

### Findings of Fact

1. The Jim Howard Co., Inc., a Florida Corporation withheld but failed to pay over to the United States withholding and social security taxes for the fourth quarter of 1960 and the first quarter of 1961.

2. The plaintiff, Theodore Levy, has conceded that he was a responsible officer (or person) of the Jim Howard Co., Inc. within the meaning of Sections 6671 and 6672 of the Internal Revenue Code of 1954; however, plaintiff denies that the failure to account for or pay over the payroll taxes was due to any willfulness on his part.

3. Plaintiff's position, in denying willfulness, is that he was relying on the General Manager of the Corporation, one August Henry (Hank) Runyon, Jr., to see that the payroll taxes were accounted for and paid over to the United States.

4. On June 19, 1964, a delegate of the Secretary of the Treasury of the United States made an assessment against the plaintiff, Theodore Levy, of the 100 per cent penalty under Section 6672 of the Internal Revenue Code for the calendar quarters ending December 31, 1960 and March 31, 1961, in the amount of $11,201.62. Notice of this assessment was given to plaintiff and demand for payment was made on June 19, 1964.

5. Plaintiff paid $250.00 to the defendant against this assessment and filed a timely claim for refund which was denied. Subsequently plaintiff paid an

Sidney A. Soltz, Miami, Fla., for plaintiff.

Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., and Eugene P. Kopp, Trial Attorney-Tax Division, Department of Justice, Washington, D. C., for defendant and intervenor.

additional $800.00 against this assessment. This refund suit was filed timely.

6. The United States of America intervened in this action pursuant to Section 7401 of the Internal Revenue Code of 1954 at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Commissioner of Internal Revenue, a delegate of the Secretary of the Treasury of the United States. The United States prays for judgment against plaintiff for the unpaid balance of the assessment.

7. Prior to the period here in issue, C. O. Barnard, a general contractor in Miami, Florida, told plaintiff that Hank Runyon had been an employee of his and that he had loaned a substantial sum of money to Runyon. Barnard told plaintiff that Runyon was totally irresponsible and unreliable insofar as the handling of money was concerned.

8. Prior to the period here in issue, Hank Runyon told plaintiff that he had had a construction business in Detroit which failed and that a 100 per cent penalty assessment had been made against him for the unpaid payroll taxes of that business.

9. Plaintiff, Theodore Levy, concededly a responsible officer of the corporation, knew or had reason to know that Runyon could not be relied upon to pay the payroll taxes of the Jim Howard Co., Inc.

*Conclusions of Law*

1. This action arises under the Internal Revenue Laws of the United States and the Court has jurisdiction of the parties and the subject matter of this action. 28 U.S.C. § 1340.

2. The evidence with respect to Runyon's unreliability and irresponsibility insofar as general financial matters were concerned, and especially with reference to the payment of payroll taxes, was uncontradicted.

3. Plaintiff, Theodore Levy, concededly a responsible officer of the Corporation, knew or had reason to know that Runyon could not be relied upon to pay the payroll taxes of the Jim Howard Co., Inc. and was under a duty to inquire and to take active steps to see that these taxes were paid. His failure to do so was willfulness as a matter of law under Section 6672 of the Internal Revenue Code of 1954. United States v. Leuschner, 336 F.2d 246 (C.A.9, 1964).

4. Therefore, plaintiff willfully failed to account for and pay over to the United States the payroll taxes in issue and is liable for the 100 per cent penalty provided by Section 6672, supra. Plaintiff's complaint will be dismissed with prejudice and judgment will be entered against plaintiff for the unpaid balance of the assessment.